**Commonwealth v. Stewart**

*Robert C. Reed*, for Commonwealth.

*Oran W. Panner*, for defendant.

SAWYER, P. J., May 22, 1970.—Defendant was charged before the Mayor of New Brighton for violation of subsection (d), sec. 903, art. 9, of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §903(d), as amended.

Defendant waived a hearing and gave bail for his appearance in court. The case was tried de novo before the court. From the evidence, we find the facts as follows:

### FINDINGS OF FACTS

1. On March 7, 1969, at approximately 5:45 p.m., defendant, David A. Stewart, was operating a five-axle combination motor and trailer on Third Avenue in the Borough of New Brighton, Beaver County, Pa.

2. As defendant's vehicle was in process of making a sharp right-hand turn from Third Avenue onto Fourth Street, Officer Neal Anderson from a point two blocks away observed that the left wheel of the middle axle of the five-axle combination was not turning and said left wheel was not touching the pavement as the truck made said turn. The officer did not observe the position of the right wheel of the middle axle. At the time of this occurrence, the vehicle of defendant

was being operated by defendant in a manner that all of the wheels of the five-axle combination under normal road conditions were touching the public highway and, immediately prior to making the said sharp right-hand turn from Third Ave. onto Fourth Street, all of the wheels of the combination vehicle were touching the highway and, immediately after completing the said turn, all of the wheels of the five-axle combination were touching the highway.

3. Officer Anderson, a police officer of the Borough of New Brighton, being in uniform at the time, caused defendant to stop. At the direction of said officer, defendant drove his vehicle a distance of approximately three blocks to stationary scales where the said vehicle was weighed.

4. Officer Anderson weighed defendant's combination vehicle and found the same to have a gross weight of 68,400 pounds. The maximum gross weight permitted for the type of five-axle tractor-trailer combination being operated by defendant was 71,145 pounds. The maximum gross weight permitted for the operation of a two-axle truck tractor and two-axle semi-trailer as a combination was 60,000 pounds.

5. On the same day, defendant was taken before Mayor Spickerman of the Borough of New Brighton and charged with violation of section 903(d) of The Vehicle Code.

6. Defendant waived a hearing and gave bail for his appearance in court.

## DISCUSSION

The only issue in this case is whether defendant's vehicle at the time in question was being operated as a five-axle combination or whether it was being operated with only four axles in use. The vehicle was not overweight if it was being operated as a five-axle combination; if the vehicle was operated as a four-axle combination, it was overweight. There is no dispute

on the fact that the tractor-trailer combination operated and used by defendant on that day was a five-axle combination. The burden is on the Commonwealth to show beyond a reasonable doubt that defendant was not using one of the axles on his combination. The only evidence in this respect submitted by the Commonwealth is that of Officer Anderson who states that he observed as the tractor-trailer combination turned a sharp right-hand corner the left wheel of the middle axle was not spinning and, therefore, was not touching the pavement. The officer could not see the status of the right wheel of the middle axle. After defendant's rig completed the right-hand turn and straightened out, all wheels of the five axles were on the highway, according to the observation of both the officer and defendant driver.

Defendant driver testified that, prior to making the said right-hand turn, his rig was being operated in a manner so that all the wheels of all five axles were touching the pavement. Defendant driver further testified that he recalled that when he made the mentioned sharp right-hand turn, there was a depression in the roadway on the right-hand side; and the combination of the turning action of his vehicle and the right side depression could have caused the left wheel of the middle axle to temporarily elevate from the highway for a short distance while making the turn.

The Commonwealth did not dispute this evidence of a depression on the right-hand side of the highway at the turn. We conclude under the evidence in this case that defendant was not operating his tractor-trailer combination with only four axles in use but rather defendant was operating his combination with all five axles in use and was, therefore, entitled to the benefit of the maximum gross weight allowance of 71,145 pounds. Therefore, the undisputed gross weight of defendant's combination of 68,400 pounds did not

constitute a violation of section 903(d) of The Vehicle Code.

## CONCLUSIONS OF LAW

1. It being determined from the facts in this case that defendant was using and operating a five-axle tractor-trailer combination, defendant, under the provisions of section 903(d) of The Vehicle Code, 75 PS §903(d), was allowed a gross weight of up to 71,145 pounds.

2. The evidence submitted by the Commonwealth of the gross weight of the tractor-trailer combination operated by defendant of 68,400 pounds does not indicate that defendant exceeded the allowable gross weight; and, therefore, the Commonwealth has failed to show that defendant violated the provisions of section 903(d) of The Vehicle Code.

## ORDER

And now, May 22, 1970, it is ordered and decreed that the appeal of David A. Stewart is hereby sustained and the charge against David A. Stewart of violating section 903(d) of The Vehicle Code is hereby dismissed.